IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WHITNEY GUILLORY<br>*Plaintiff* | § § § | |
| V. | § § | CIVIL ACTION NO. 2:07CV027 |
| BEAUMONT INDEPENDENT<br>SCHOOL DISTRICT<br>and<br>DR. CARROL THOMAS, Superintendent<br>and<br>FERGUSON PARKER, JR.,<br>Former Band Director<br>*Defendants* | § § § § § § § § § | JUDGE T. JOHN WARD |

<u>DEFENDANTS BEAUMONT INDEPENDENT SCHOOL DISTRICT AND DR. CARROL
THOMAS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT</u>

TO THE HONORABLE DISTRICT JUDGE:

COME NOW Defendants Beaumont Independent School District ("BISD") and Dr. Carrol Thomas ("Thomas"), subject to Defendant Beaumont Independent School District and Carrol Thomas' Motion to Dismiss Suit for Improper Venue, or in the Alternative, Motion to Transfer Venue, and file this Answer to Plaintiff's Complaint, and respectfully show unto the Court the following:

## I. **PRELIMINARY STATEMENT**

1. As to Paragraph 1 of Plaintiff's Complaint, Defendants are without sufficient information to admit or deny Plaintiff's factual allegations. Defendants' therefore deny Plaintiff's factual allegations contained in Paragraph 1.

2. In answer to Paragraph 2, Defendants BISD and Thomas deny that either violated

the Constitutional rights of Plaintiff. Defendants deny that Plaintiff has stated a claim for which relief can be granted under Title IX or the common law tort of assault.

3. In answer to Paragraph 3, Defendants BISD and Thomas deny that Plaintiff is entitled to declaratory relief, compensatory damages, punitive damages, or a recovery of attorney fees as alleged.

## II. JURISDICTION

4. Pleading in response to Paragraph 4, Defendants assert that the United States District Court, Eastern District of Texas, Beaumont Division, is the Court of proper jurisdiction and that venue is improper in this Court. Therefore, Defendants deny that jurisdiction is proper in this Court. Defendants further deny that they have in whole or in part committed any of the unlawful acts or omissions alleged by Plaintiff.

5. Pleading in response to Paragraph 5, Defendants deny that this Court has pendant jurisdiction over state claims alleged by Plaintiff. Defendants assert applicable state immunity and deny that they have in whole or in part committed any of the unlawful acts or omissions alleged by Plaintiff.

## III. PARTIES

6. Upon information and belief, Defendants admit that Plaintiff is a citizen of the United States and a resident of Jefferson County, Texas. Defendants further admit that Plaintiff was born on January 27, 1987.

7. Pleading in response to Paragraph 7, Defendant BISD admits that it is located within the boundaries of the Eastern District of Texas. Defendant BISD denies the factual allegations asserted by Plaintiff in Paragraph 7. Defendant, BISD avers that it has policy, rules, and practices

prohibiting sexual abuse of students. Defendant BISD specifically denies that it acted with deliberate indifference to the rights of Plaintiff, which caused her harm. Defendant BISD denies that it breached any duty owed to Plaintiff.

8. Pleading in response to Paragraph 7, Defendant Thomas admits that he is a resident within the boundaries of the Eastern District of Texas. Defendant Thomas denies the factual allegations asserted by Plaintiff in Paragraph 7. Defendant Thomas avers that BISD has policy, rules, and practices prohibiting sexual abuse of students. Defendant Thomas specifically denies that he acted with deliberate indifference to the rights of Plaintiff, which caused her harm. Defendant Thomas denies that he breached any duty owed to Plaintiff.

9. Defendants BISD and Thomas are without knowledge to admit or deny allegations in Paragraph 9; therefore, Defendants deny these allegations.

## IV. FACTS

10. Defendants admits allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendants deny that Defendant Ferguson Parker ("Parker") was Band Director from Plaintiff's freshman year 2001 until December, 2005.

12. Defendants deny Plaintiff's factual allegation in Paragraph 12.

13. Defendant BISD denies that it hired Defendant Parker without conducting an adequate background check and further denies that Parker was inadequately supervised.

14. Defendants admit the allegation contained in Paragraph 14. However, answering further, BISD avers that Defendant Parker was acquitted of charges.

15. Defendants deny each and every allegation contained in Paragraph 15. BISD was neither aware nor tolerated teachers' sexual involvement and inappropriate conduct with students

as alleged by Plaintiff. Defendant Parker was removed from the campus and not returned until exonerated after a public trial by a Court of Law.

16-27. Defendants deny each and every allegation of Plaintiff contained in Paragraphs 16-27.

28-31. Pleading in response to Paragraphs 28-31, Defendants are without sufficient information to admit or deny Plaintiff's factual allegations. All allegation are therefore denied.

32. Defendants admit allegations in Paragraph 32 of Plaintiff's Complaint.

33. Defendants deny all allegations contained in Paragraph 33 of Plaintiff's Complaint

34. Upon information and belief, Defendants admit allegations contained in Paragraph 34 of Plaintiff's Complaint.

35-39. Defendants deny all allegations contained in Paragraphs 35-39.

### V. CAUSES OF ACTION

40. Defendants deny allegations that Defendants deprived Plaintiff of any liberty interests.

41. Pleading in response to Paragraph 41, Defendants deny that there is joint and several liability for the alleged actions of Defendant Parker.

42. Defendant Thomas denies allegations that he acted as alleged by Plaintiff and denies Plaintiff is entitled to an award of punitive damages under the law.

43-44. Defendants deny allegations contained in Paragraphs 43-44 of Plaintiff's Complaint. Plaintiff has failed to state a claim under Title IX of the Education Amendments of 1972 and further has failed to state a claim for declaratory relief.

45. Defendants deny allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendants deny allegations contained in Paragraph 46 of Plaintiff's Complaint.

## VI. JURY DEMAND

47. While Plaintiff has requested a trial by jury in this matter, Defendants reserve the right to contest trial by jury of any issues in this cause that are properly to be submitted to the court for determination, including the issues of attorney fees.

## VII. PRAYER FOR RELIEF

48. Defendants deny that Plaintiff is entitled to recovery of any damages or declaratory relief. Defendants deny that Plaintiff is entitled to recovery of fees or costs. Plaintiff is not entitled to recover any relief requested in Plaintiff's Complaint because even if any unlawful discrimination occurred, which Defendants expressly deny, Defendants should not be held liable for conduct that is contrary to its express policies, procedures, and good faith efforts to comply with applicable laws.

Defendants assert that Plaintiff is not entitled to an award of exemplary damages against Defendants.

Defendants invoke all applicable restrictions and caps on punitive damages and compensatory damages available under the United States and Texas Constitutions, and the Texas Civil Practices & Remedies Code. The imposition of any punitive damages in this case would violate Defendants' constitutional rights because it would, among other things, violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the excessive fines clause of the Eighth Amendment to the United States Constitution, and analogous provisions to the Texas Constitution. In addition, Plaintiff is not entitled to recover punitive damages against a governmental entity.

## VIII.

To the extent that Plaintiff's allegations have not been admitted expressly, strict proof of all such claims is respectfully demanded. All allegations of wrongdoing and discrimination and all claims of entitlement to damages, including those sought in prayer of Plaintiff's complaint, are expressly denied.

## IX. FIRST DEFENSE

Plaintiffs' Original Complaint fails to state a claim against Defendants BISD and Thomas upon which relief can be granted.

## X. SECOND DEFENSE

Defendant BISD is a political subdivision of Texas and is immune from liability of common law tort claims.

## XI. THIRD DEFENSE

Defendant BISD's liability is limited in amount as a unit of local government under Texas Civil Practice and Remedies Code § 101.023 to money damages in a maximum amount of $100,000 for each person and $300,000 for each single occurrence for bodily injury or death and $100,000 for each single occurrence for injury to or destruction of property. Defendant BISD is furthermore immune from exemplary damages.

WHEREFORE, PREMISES CONSIDERED Defendants Beaumont Independent School District and Dr. Carrol Thomas pray that Plaintiff recover nothing from Defendants and that Defendants go hence, recovering their costs of court, attorney fees, and such other and further relief to which Defendants may be entitled whether in law or in equity.

Respectfully submitted,

WELLS, PEYTON, GREENBERG & HUNT, LLP

By: /s/ Melody Chappell
Melody G. Chappell
Attorney-in-Charge
Texas Bar No. 00785096
Francis Broussard
Texas Bar No. 24055218
550 Fannin Street, Sixth Floor
Beaumont, Texas 77701
Telephone: (409) 838-2644
Fax: (409) 838-4713

ATTORNEYS FOR DEFENDANTS
BEAUMONT INDEPENDENT SCHOOL
DISTRICT AND DR. CARROLL THOMAS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record as follows:

*VIA E-FILE NOTIFICATION*
Mr. Timothy B. Garrigan
Stuckey, Garrigan & Castetter
P.O. Box 631902
Nacogdoches, Texas 75963-1902
*Attorney for Plaintiff*

*VIA CM,RRR*
Mr. Ferguson Parker
5750 Sunbird
Beaumont, Texas 77708
*Pro Se*

DATED: February 15, 2007.

/s/ Melody Chappell
MELODY G. CHAPPELL