**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| WHITNEY GUILLORY | § | |
| | § | |
| vs. | § | |
| | § | CASE NO. 2:07-CV-27 |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT ET AL. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendants' motion to dismiss for improper venue (#3). The defendants alternatively request that this case be transferred, in accordance with 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of Texas, Beaumont Division. For the reasons discussed herein, the court transfers this case to the United States District Court for the Eastern District of Texas, Lufkin Division.

**I.      Factual Background**

In this case, the plaintiff is asserting various claims against Mr. Parker, the former Band Director at Beaumont Independent School District ("BISD"), that stem from the plaintiff's allegation that Mr. Parker was engaged in a course of inappropriate sexual conduct with her while she was a student at BISD. The plaintiff is also asserting various claims against BISD and Dr. Carrol Thomas, the superintendent of BISD during the period of the sexual occurrences, for their alleged failure to take action against Mr. Parker once they had notice of Mr. Parker's inappropriate conduct.

The alleged sexual conduct in this case occurred at a variety of locations, including Ozen High School and the plaintiff's home. Most, if not all of the locations at which the sexual conduct occurred are in Jefferson County, Texas. The alleged failure of Dr. Thomas and BISD to take action

against Mr. Parker also took place in Jefferson County, Texas. Jefferson County is located within the Eastern District of Texas.

**II.     Discussion**

*A.     Legal Overview*

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a) (2004). It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances the following two categories of interests: "(1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice." *Hanby*, 144 F. Supp. 2d at 676. The convenience factors weighed by the district court are the following: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771. The court also balances the following public interest factors: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local

disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.* The moving party bears the burden of demonstrating that venue should be transferred to another forum. *Hanby*, 144 F. Supp. 2d at 676. To meet this burden, the moving party must show that "the balance of convenience and justice *substantially* weighs in favor of transfer." *Mohamed*, 90 F. Supp. 2d at 768.

    *B.    Analysis*

The court agrees with the plaintiff that the Marshall Division is an appropriate venue for this case. However, when considering whether to transfer venue, a court "must exercise its discretion in light of the particular circumstances of the case." *Hanby*, 144 F. Supp. 2d at 676. In this case, most, if not all of the witnesses and parties are located near Beaumont, Texas. It is likely that a number of witnesses, who are currently employed by BISD, will need to appear in court one or more times during the pendency of this case. The Lufkin Division can expeditiously handle this case, and is considerably closer to the parties and other material witnesses. Moreover, the Lufkin Division is less likely to produce a jury pool with knowledge of the facts of this case gleaned through pre-trial publicity than the Beaumont Division. In light of these facts, the court transfers this case to the Lufkin Division of the Eastern District of Texas.

## III.    Conclusion

The court has considered the defendants' motion to dismiss or alternatively transfer venue (#3). The court denies the defendants' motion to dismiss and grants the defendants' motion to transfer in part. The court transfers this case to the Lufkin Division of the Eastern District of Texas. The clerk is directed to transfer this case in accordance with the court's order.

SIGNED this 20th day of July, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE